In the Matter of the Petition of EDWARD L. MAWSON, Appellant, *v.* WILLIAM WERMUTH, Respondent.

SUMMARY PROCEEDINGS — PROCEEDING TO REMOVE PERSON HOLDING OVER LAND SOLD UNDER EXECUTION (CODE CIV. PRO. § 2232, SUBD. 1) — WHEN DEFENDANT MAY SHOW INVALIDITY OF SALE. In a summary proceeding instituted before a county judge, under the statute (Code Civ. Pro. § 2232, subd. 1), to remove the defendant from real property sold by virtue of an execution against him, he may allege and prove that, prior to the issuance of the execution, the judgment had been assigned to his brother by the judgment creditor; and the county judge has jurisdiction to try the question and determine the validity of the sale under such execution, since, if such fact be true, the judgment creditor had parted with his title to the judgment and had no right to issue an execution for the collection thereof; and an execution issued thereon could not divest the defendant of his right to the possession of his property, especially where, at the sheriff's sale thereunder, the defendant gave notice that the judgment had been assigned to his brother, so that the petitioner in the proceeding had full notice thereof; furthermore the statute provides that the defendant in such a proceeding may set forth any new matter constituting a legal or equitable defense. (Code Civ. Pro. §§ 2242, 2244.)

*Mawson* v. *Wermuth*, 96 App. Div. 631, affirmed.

(Argued May 29, 1905; decided June 13, 1905.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department entered September 9, 1904, which affirmed an order of the Madison County Court dismissing a petition for an order directing the removal of the defendant from certain real property and also affirmed an order denying a motion for a new trial.

The facts, so far as material, and the question certified are stated in the opinion.

*Oliver D. Burden* for appellant. The court had no jurisdiction to try the defense alleged in the amended answer, set up as an affirmative defense. If the judgment and execution were regular on their face it is sufficient. (*Brown* v. *Betts,* 13 Wend. 29; *Getting* v. *Mohr*, 34 Hun, 340; *Bloom* v.

*Huyck,* 71 Hun, 254; *Crawford* v. *Kastner,* 26 Hun, 440; *Rodgers* v. *Earle,* 5 Misc. Rep. 164; *Matter of McCormick,* 30 Misc. Rep. 285; *Hattersley* v. *Cronyn,* 22 Misc. Rep. 259; *Garrie* v. *Schmidt,* 25 Misc. Rep. 753; *Wulff* v. *Cilento,* 28 Misc. Rep. 552; *Gay* v. *R. M. Co.,* 53 App. Div. 512.) The defendant cannot escape the payment of a judgment by setting up title in a third party not in court. (*City Bank of New Haven* v. *Perkins,* 29 N. Y. 554, 567; *Aubery* v. *Fiske,* 36 N. Y. 48; *Hayes* v. *Hathorne,* 74 N. Y. 486; *Brown* v. *Penfield,* 36 N. Y. 475; *Allen* v. *Brown,* 44 N. Y. 228; *Sheridan* v. *Mayor, etc.,* 68 N. Y. 32; *Eaton* v. *Alger,* 47 N. Y. 345.)

*C. A. Hitchcock* for respondent. It was competent for the respondent to show in this proceeding that the judgment obtained by Martin Devoy against William Wermuth was sold or transferred to Ebenezer Wermuth prior to the issuance by him of the execution under which the respondent's real property was sold. The county judge had jurisdiction to try that question and determine the validity of the execution sale as a defense to the proceeding. (Code Civ. Pro. § 2244; *Constant* v. *Barrett,* 13 Misc. Rep. 249; *Garrie* v. *Schmidt,* 25 Misc. Rep. 754; *Matter of McCormick,* 30 Misc. Rep. 285; *Matter of Stewart,* 39 Misc. Rep. 275; *Schlaich* v. *Blum,* 42 Misc. Rep. 229; *Rodgers* v. *Earle,* 5 Misc. Rep. 164; *Gay* v. *Riehmann Mantel Co.,* 53 App. Div. 512; *Quinn* v. *Quinn,* 46 App. Div. 241; *Reich* v. *Cochran,* 151 N. Y. 122; *J. R. E. Co.* v. *Hiller,* 39 Misc. Rep. 784.) The sale and transfer of the judgment by Martin Devoy to Ebenezer Wermuth on or about September 2, 1899, divested the former of all interest therein, and deprived him of the power of enforcement. (*Boswick* v. *Scott,* 40 Hun, 212; *Fonda* v. *Sage,* 48 N. Y. 173; *Carpenter* v. *Stilwell,* 11 N. Y. 61; *Swan* v. *Saddlemyer,* 8 Wend. 676; *Ruckman* v. *Cowell,* 1 N. Y. 505; *Terrett* v. *B. I. Co.,* 18 Hun, 6; *Wood* v. *Colvin,* 2 Hill, 566; *Frost* v. *Y. S. Bank,* 70 N. Y. 553; *Clute* v. *Emerick,* 99 N. Y. 350; *Morgan* v. *Stevens,* 6 Abb. [N. C.] 357.)

O'BRIEN, J. This was a summary proceeding instituted before a county judge upon the usual petition under subdivision 1, section 2232 of the Code of Civil Procedure, to remove the defendant from certain real property sold by virtue of an execution against him, the title under the sale having, as is alleged, been perfected in the petitioner's grantor.

The defendant resisted the application on the grounds set forth in his answer, which were, substantially, a general denial of the allegations of the petition, and the further defense that the judgment upon which the sheriff's deed was based had either been satisfied by a partial payment or assigned by the judgment creditor to the defendant's brother, and that, therefore, the sheriff's deed was void. The proceeding was tried before the county judge and a jury and a verdict rendered for the defendant, upon which verdict the judgment and order of the county judge was made and entered, which dismissed the proceeding. The order of the county judge has been affirmed at the Appellate Division and the petitioner appeals to this court.

The appeal presents but one question that calls for any notice, and that is the question which has been certified by the court below to this court, in the following words: " Was it competent and proper for the respondent to allege and prove upon the trial of this proceeding in defense thereof, that the judgment obtained by Martin De Voy against William Wermuth was assigned to Ebenezer Wermuth prior to the issuance by him of the execution under which the respondent's real property was sold, and had the county judge jurisdiction to try that question and determine the validity of the execution sale thereunder? "

The defendant, in order to defend his possession of the premises from which he was sought to be removed, produced a written assignment of the judgment from the original plaintiff to the defendant's brother. There was some question about the delivery of this instrument by the original plaintiff to the alleged assignee, but that was a question of fact which

was properly presented to the jury, and the verdict is substantially a finding that it was so delivered. If at the time of issuing the execution by the plaintiff in the judgment he had assigned it to the defendant's brother, he did not own in fact any judgment against the defendant; he had parted with his title, and as to him there was no more right to issue an execution for the collection of the judgment than if, instead of assigning the judgment, he had discharged it. Under such circumstances an execution issued by the sole authority of the original plaintiff, who had parted with his right and title to the judgment, could not divest the defendant of his right to the possession of his property. (*Remington Paper Co.* v. *O'Dougherty*, 81 N. Y. 486, 494.) At the sheriff's sale, upon the execution so issued, the defendant gave notice to the persons present of the fact that the judgment had been assigned to his brother, and so the petitioner's grantor had full notice of all the facts, and so far as the record before us discloses the rights of the petitioner are no greater than the rights of his grantor.

The sole question to be determined is whether these facts were available to the defendant as a defense to the proceeding for his removal. We think they were for the reasons already stated, and for the further reason that by the express provisions of the Code the defendant is permitted to set forth as a part of his defense a statement of any new matter constituting a legal or equitable defense, and that the same may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action. (Code of Civil Procedure, §§ 2242, 2244.)

We think, therefore, that the ruling of the county judge permitting the defendant to give proof of the transfer of the judgment to his brother was correct, and, hence, the order appealed from should be affirmed, with costs, and the question answered in the affirmative.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Order affirmed.